## RESTITUTION IN FORCIBLE DETAINER.

Circuit Court of Cuyahoga County.

JACOB MATZAS v. C. R. HELLER.

Decided, November 18, 1907.

*Landlord and Tenant—Forfeiture of Lease Not Reviewable, When—Supported by Evidence.*

Where forfeiture of a lease was sought on grounds that the tenant had allowed gambling and unlawful sales of liquor on premises, and the jury found generally in favor of plaintiff, the higher court can not review the case if there was any evidence tending to show that gambling was carried on and there was no error in the charge as to that branch of the case.

WINCH, J.; HENRY, J., and MARVIN, J., concur.

This is an action to reverse the ruling of the common pleas court which affirmed the judgment of a justice of the peace in granting restitution of certain premises in this city to a landlord upon his complaint in an action in forcible detainer.

The magistrate held that a three years lease between the parties had been forfeited. The landlord claimed the forfeiture under Section 4276, Revised Statutes of Ohio, because his tenant had occupied the premises for gaming purposes, and under Section 4361, Revised Statutes of Ohio, because of the unlawful sale of intoxicating liquors upon the premises by the tenant.

A bill of exceptions allowed by the justice of the peace, exhibits evidence tending to show that gambling was carried on as alleged, and that the tenant had made sales of liquor without having paid the state Dow tax or the federal license.

The case was ably argued in this court by counsel on both sides, who spent much time in illuminating the question as to whether the liquor sales were "unlawful" in the sense meant by the statute, so as to forfeit the lease.

That question is not without difficulty, but finding it unnecessary to determine it in this case, we express no opinion upon the subject.

It seems to us that evidence having been introduced, as stated, tending to show that gambling was carried on upon these premises, the judgment of the justice of the peace must be affirmed.

Although we have a bill of exceptions in this case, we can not examine it as to the weight of the evidence. *Ohio, ex rel, etc., v. Wood, etc.,* 22 O. S., 537.

Neither can we reverse the justice for any error alleged to have been made by him in his charge to the jury. for the defendant entered no exceptions to said charges. *Railroad* v. *Porter,* 32 O. S., 328.

Furthermore, no error is claimed in the charge as to the gambling issue, and the jury having found generally for the plaintiff, it is immaterial to inquire whether the justice erred in his instructions as to the sales of liquor upon the premises. *Stites* v. *Haverslick,* 23 O. S., 626.·

The defendant excepted to the refusal of the justice to charge as requested by him, but in this there was no error, for. a justice of the peace is not required to charge the jury, though, if he do so, he must charge correctly. *Hirth* v. *Graham,* 50 O. S., 57, 61.

We find no prejudicial error in the record and the judgment is affirmed.